UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                                )
KENNETH CHAPMAN, individually and )
behalf of all others similarly situated  )
                                )
                                )
          Plaintiff,            )
                                )      C.A. No. _____
v.                              )      JURY DEMANDED
                                )
MAINE DRILLING AND BLASTING,    )
INC.                            )
          Defendant.            )
_____ )
```

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

The plaintiff, Kenneth Chapman, brings this collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), individually and on behalf of all others similarly situated, against the defendant, Maine Drilling and Blasting, Inc., for unpaid overtime. The plaintiff and other employees of the defendant regularly and customarily work in excess of 40 hours per week. However, these employees are wrongfully classified as exempt and not paid overtime for hours worked in excess of 40 per week.

### PARTIES

1.  Plaintiff Kenneth Chapman ("Mr. Chapman" or the "plaintiff") is an individual who resides in Uxbridge, Massachusetts.

2.  Pursuant to 29 U.S.C. §216(b), Mr. Chapman has given his written consent to become a plaintiff in this collective action, and that consent is attached hereto and marked as Exhibit A.

3. The defendant Maine Drilling and Blasting, Inc. ( "Maine Drilling and Blasting" or the "defendant") is a corporation organized under the laws of Maine.

4. Maine Drilling and Blasting has a principal place of business in Gardiner, Maine.

5. Maine Drilling and Blasting conducts business in Massachusetts, and its registered agent in the Commonwealth is Roger N. Leboeuf, Esq., 42 Andrew Court, Swansea, MA 02777.

6. Maine Drilling and Blasting is and at all times material hereto has been an "enterprise," within the meaning of the FLSA, 29 U.S.C. §203(r), and an "enterprise engaged in commerce or in production of goods for commerce," within the meaning of 29 U.S.C. §203(s).

7. Maine Drilling and Blasting is and at all times material hereto has been an employer of the plaintiff for purposes of the FLSA.

## JURISDICTION

8. Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA") and by 28 U.S.C. §1331, as this action arises under the laws of the United States. Jurisdiction over the plaintiff's claims for declaratory relief is conferred by 28 U.S.C. §§2201 and 2202.

9. Venue for this action properly lies in the District of Massachusetts, pursuant to 28 U.S.C. §1391(b) because the claim arose in this judicial district.

## FACTS

10. The defendant is a company engaged in the business of rock blasting and drilling at construction, energy, quarry and other sites.

11. The defendant employs various individuals whose primary function is to perform manual labor at its job sites (collectively "blasting employees").

12. Blasting employees' duties include blasting, drilling, transporting equipment and materials, and receiving and storing explosives.

13. These employees all regularly work in excess of 40 hours per week.

14. Although all blasting employees work together performing manual labor at the defendant's job sites, the defendant has a policy by which some blasting employees, namely blasters and inventory personnel, are arbitrarily and wrongly classified as "exempt" from the overtime protections of the FLSA.

15. These employees do not fall under the FLSA's administrative, executive, or professional exemptions to overtime coverage. Their primary function, similar to all other blasting employees, is to perform manual labor at the defendant's job sites, and their duties include proper handling, storage, and care of blasting materials, and performing blasting services by placing explosives in rocks.

16. No blasting employees have any managerial duties or authority.

17. These blasting employees regularly work in excess of 40 hours per week, but are not paid one and one half times their regular rate of pay for their hours worked in excess of 40 per week.

18. The plaintiff, Kenneth Chapman, was employed by the defendant starting in October 2007 until April 2013.

19. The plaintiff's duties included taking physical possession of explosives at a job site, ensuring that these explosives were stored properly, and working together with other blasting employees.

20. The plaintiff was not exempt from the overtime or minimum wage protections under the FLSA.

21. The plaintiff regularly worked in excess of 40 hours per week; however, he, like other blasting employees who were unlawfully classified as exempt from overtime, was not paid time and a half for any hours worked in excess of 40 per week.

## COLLECTIVE ACTION ALLEGATIONS

22. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

23. The plaintiff brings this FLSA collective action on behalf of himself and all other persons similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, as follows:

> All persons employed by the defendant within the three years preceding the filing of this action, whose duties were to receive blasting materials, store blasting materials and to place explosives in rocks, who were classified by the defendant as exempt from the overtime provisions of the FLSA.

24. The defendant has engaged in a continuing violation of the FLSA. The plaintiff, as well as the individuals he seeks to represent, have been denied overtime wages as a result of the defendant's pay practices.

25. This violation was intended by the defendant and was willfully done.

26. The defendant's action in denying overtime wages to the plaintiff and other blasters and inventory personnel has been intentional and constitutes a willful violation of the FLSA.

## FLSA OVERTIME VIOLATION

27. The allegations set forth in the preceding paragraphs are incorporated herein.

28. At all relevant times, the defendant has been an employer engaged in interstate commerce consistent with 29 U.S.C. §§206(a) and 207(a).

29. At all relevant times, the defendant employed the plaintiff and each member of the collective action class consistent with the terms of the FLSA.

30. At all relevant times, the defendant has had annual gross revenues in excess of $500,000.

31. As a consequence of the defendant's employment practices whereby it misclassified non-exempt employees as exempt from overtime, the plaintiff and other blasting employees were denied statutory overtime wages.

32. The plaintiff and other blasting employees were employees of Defendant within the meaning of the FLSA and, as such, were entitled to the benefits of the FLSA's overtime wage requirements.

33. The defendant has failed to pay appropriate overtime wages under the FLSA.

WHEREFORE, the plaintiff respectfully requests:

A. All applicable statutory damages, including compensatory and liquidated damages;

B.     A Declaration that the defendant violated the FLSA;

C.     An Order designating this action as a collective action and directing the issuance of notice pursuant to 29 U.S.C. §216(b);

D.     An Order appointing the plaintiff and his counsel to represent those individuals opting in to the collective action;

E.     An Order awarding counsel for the plaintiff reasonable attorneys' fees and costs; and

F.     Any further relief which the Court deems just and appropriate.

PLAINTIFF DEMANDS A TRIAL BY JURY

KENNETH CHAPMAN,

by his attorneys,

   /s/ Shannon Liss-Riordan    
Shannon Liss-Riordan, BBO #640716
Elizabeth Tully, BBO #685855
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street – 20th Floor
Boston, MA 02114
(617) 994 – 5800
Emails: sliss@llrlaw.com,
etully@llrlaw.com

Nicholas F. Ortiz (BBO#: 655135)
29 Commonwealth Ave., Suite 700
Boston, MA 02116
Phone: (617) 716-0282
Fax: (617) 507-3456
Email: nfo@mass-legal.com

                                                    Elizabeth Ryan, BBO #549632  
                                                    BAILEY & GLASSER, LLP  
                                                    125 Summer Street, Suite 1030  
                                                    Boston MA 02110  
                                                    (617) 439.6730  
                                                    Email: ERyan@baileyglasser.com

**DATE:**        August  26, 2013